UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIAN A. DELGADO,

       Plaintiff,

                                           Case No. 1:05-CV-607

v.

                                           HON. GORDON J. QUIST

MARK HILYER,

       Defendant.
                                /

## **OPINION**

The Court has before it Plaintiff's one-page motion for summary judgment without a supporting brief. Plaintiff, who represents that he is an "attorney at law" and "practicing attorney" of the firm "Economy and Law, PPC," filed this action *pro se* against Defendant on September 7, 2005. Plaintiff was granted leave to proceed *in forma pauperis* on September 9, 2005. The docket shows that no summons has been issued as of this date. Incidentally, the Court notes that if Plaintiff is in fact an attorney, he is not licensed to practice in Michigan because he is not listed as a member of the State Bar of Michigan in the membership directory.

In addition to a complaint, Plaintiff filed three other documents titled "Complaint and Petition," "Issue and Form," and "Jurisdiction, Venue, Statutory, Claim for Relief." Plaintiff's allegations in these documents are rambling, incoherent, and essentially an amalgamation of legal terms and phrases apparently sewn together to concoct some sort of legal claim. To the best of its ability, however, the Court discerns that Plaintiff's claims have something to do with a real estate transaction, although it is not clear whether Plaintiff was a seller, buyer, or something else. Regardless, Plaintiff alleges that Defendant committed fraud, breach of fiduciary duties, and other

torts against Plaintiff. Having reviewed Plaintiff's complaint, the Court determines that it lacks subject matter jurisdiction over the complaint and will therefore dismiss it without prejudice.

The Court must read Plaintiff's pro se complaint indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992). The complaint, fairly construed, alleges only a state law claims for fraud, breach of fiduciary duty, and the like. That is, there is no hint in any of the documents that Plaintiff filed that Plaintiff is alleging a claim under federal law as is required for purposes of federal question jurisdiction under 28 U.S.C. § 1331. Therefore, this Court will have subject matter jurisdiction only if there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. That is, Plaintiff must allege that the amount in controversy exceeds $75,000 and the parties must be citizens of different states. See Deasy v. Louisville & Jefferson County Metro. Sewer Dist., 47 Fed. Appx. 726, 728 (6th Cir. Sept. 19, 2002).

The allegations in Plaintiff's pleadings show that Plaintiff and Defendant are both citizens of Michigan. Thus, there is no diversity, and this Court lacks subject matter jurisdiction over this case. Accordingly, dismissal without prejudice is proper.

An Order Consistent with this Opinion will be entered.

Dated: October 18, 2005              /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE